FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA     99 MAR -5 AM 11: 43
NORTHEASTERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

FREEMAN KIRBY, et al.,            )
                                  )
        Plaintiffs,               )
                                  )
v.                                )   CIVIL ACTION NO. 98-JEO-1490-NE
                                  )
UNITED HEALTHCARE INSURANCE       )
COMPANY, INC., et al.,            )                ENTERED
                                  )
        Defendants.               )                MAR 0 5 1999

## MEMORANDUM OPINION

The plaintiffs, Freeman and Gennie Kirby, brought this action against the defendants, United HealthCare Insurance Company, Inc., and United HealthCare of Alabama, F. Q., Inc. ("United"), alleging fraud, breach of contract, and bad faith premised on the defendants' failure to reimburse them for medical expenses incurred by Gennie Kirby. Before the court is the motion to dismiss, or, in the alternative, for summary judgment that was submitted by the defendants and the motion to remand submitted by the plaintiffs. Upon consideration, the motion to dismiss is granted without prejudice and the motion to remand is denied.

### FACTUAL BACKGROUND

Plaintiff Freeman Kirby was employed by Russell & Company ("Russell") as a painter. He was married to Gennie Kirby. They were participants in an employee-welfare benefits plan ("the plan")

16

sponsored and maintained by Russell. It provided health benefits to Russell's employees and their dependents through an insured group health benefits contract between Russell and United. It was governed by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA").[1] United was responsible for processing and paying claims and for the risk of loss under the plan.

At some unspecified time before Freeman Kirby left Russell, he was told that he and his wife could maintain health insurance benefits after he stopped working for Russell. He informed Russell sometime during April 1996 that he was quitting. He was again told by someone at Russell that he could continue his health benefits for 18 months, provided he continued to pay the premiums.[2] Shortly after he left the company, he received a May 31, 1996 letter from Russell informing him that "due to changes in the Federal requirements of extending health benefits to employees who leave their jobs," the company was no longer required to offer extended health benefits for a full 18 months. (Doct. 5, Ex. B). The plaintiffs were also informed that they could pay for coverage for

---

[1] 29 U.S.C. §§ 1001, *et seq.*

[2] This coverage was presumably available under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

30 days. They paid the monthly premium to extend their coverage the additional 30 days.

On June 19, 1996, diagnostic tests revealed that Gennie Kirby needed gallbladder surgery. Her request for outpatient care at Decatur General Hospital was authorized by United in a letter dated July 3, 1996. She had the surgery on July 10, 1996. Thereafter, healthcare providers submitted their billing to United and were denied payment.

On May 11, 1998, the plaintiffs filed a complaint in Morgan County Circuit Court seeking damages against the defendants premised on fraud, breach of contract, and bad faith. The action was removed to federal court on June 10, 1998. The defendants filed a motion to dismiss, or, in the alternative for summary judgment shortly after the case was removed to this court. United asserts that the plaintiffs' state law claims are preempted by ERISA. *See* 29 U.S.C. § 1144(a). United also asserts that the claims are due to be dismissed due to the plaintiffs' failure to exhaust all available administrative remedies. The plaintiffs responded to the motion by filing a motion to remand the case and a submission in opposition to the defendants' motion. They assert that their common law tort claims are not preempted and the defendants should be estopped from asserting that the plaintiffs have failed to exhaust

3

their administrative remedies.

## II. DISCUSSION

### A. PREEMPTION

The first question to be resolved is whether ERISA preempts the plaintiffs' state law claims. If it does not, then the plaintiffs' motion to remand is due to be granted. The Eleventh Circuit Court of Appeals in *Hall v. Blue Cross/Blue Shield of Alabama*, 134 F.3d 1063 (11th Cir. 1998), recently reiterated the appropriate legal principles applicable to the present inquiry. The court stated:

> Ordinarily, a cause of action does not arise under federal law unless the plaintiff's "well-pleaded complaint" presents a federal question. *Kemp v. International Bus. Machs. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997). Although Hall's complaint purports to rely exclusively on state law, she cannot avoid federal jurisdiction if her allegations involve an area of law that federal legislation has preempted. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 2d 318 (1987). Through ERISA, Congress specifically preempted "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a) (1994). Moreover, in ERISA's civil enforcement section, Congress expressly provides the exclusive cause of action for the recovery of benefits governed under an ERISA plan. *See Kemp*, 109 F.3d at 712 (citing ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)). Accordingly, if state law claims implicate ERISA's preemption clause and fall within the scope of ERISA's civil enforcement section, then they are converted into federal claims. *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir. 1991).

The Supreme Court has broadly interpreted the phrase "relate to" in ERISA's preemption clause so as to include any state law claim having "a connection with or reference to" an employee benefits plan. *New York Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656, 115 S. Ct. 1671, 1677, 131 L. Ed. 2d 695 (1995) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97, 103 S. Ct. 2890, 2900, 77 L. Ed. 2d 490 (1983)). This court has further instructed that state law claims "relate to" an ERISA plan for preemption purposes "whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997); see also *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995)("Where state law claims of fraud and misrepresentation are based upon the failure of a covered plan to pay benefits, the state law claims have a nexus with the ERISA plan and its benefits system.").

*Hall*, 134 F.3d at 1065.

The plaintiffs claim that the defendants have improperly failed to pay the costs incurred and that they have acted fraudulently and in bad faith. Because a determination of the merits of the plaintiffs' state law claims will require an analysis of the terms and conditions of the United HealthCare of Alabama, Inc., HMO Group Policy, the claims are preempted by ERISA. There is no dispute that the plan is an ERISA plan. It is equally evident to the court that resolution of the state claims requires an analysis of the terms and conditions under the plan. Accordingly, the plaintiffs' motion to remand is due to be denied.

The plaintiffs cite *Haley v. The Trees of Brookwood, Inc.*, 838 F. Supp. 1553 (N.D. Ala. 1993), in support of their argument that ERISA does not preempt their state law claims. In *Haley*, the plaintiff brought a state law action against his employer based on an allegation that the employer, which had fewer than twenty employees and was not obligated to provide COBRA coverage, misrepresented to the plaintiff that, if he left his employment, he would receive continuing medical coverage. The employer reinforced this representation by providing the plaintiff with a COBRA form, which the plaintiff completed. The court held that any connection of the claim to the employer's ERISA plan was "tenuous, remote, and peripheral as not to be within that degree of relationship to an ERISA plan which Congress contemplated when it wrote the preemption language in ERISA, but left it out of COBRA." *Haley*, 838 F. Supp. at 1556. The *Haley* court noted that if it remanded the case, the state court would not be called upon to interpret the plan and that the plan itself would not be affected, because the plan was not a target of the plaintiff's claim.

*Haley* is distinguishable for a number of reasons. First, in *Haley*, the state court would not have been required to interpret the ERISA plan because the plan was not a target of the plaintiff's

6

claim. Second, the plaintiff in *Haley* was suing the employer for monetary damages and was not seeking to recover benefits under the plan from the insurer. In the present matter, however, the plaintiffs' state law claims are clearly "related to" the ERISA plan and the insurer of the plan, not the employer, is being sued. Accordingly, preemption applies.

### B. EXHAUSTION

The Eleventh Circuit Court of Appeals has "repeatedly held that plaintiffs must exhaust their administrative remedies under a covered benefits plan prior to bringing an ERISA claim in federal court." *Variety Children's v. Century Medical Health Plan*, 57 F.3d 1040, 1042 (11th Cir. 1995). *See also Counts v. American General Life and Accident Insurance Co.*, 111 F.3d 105, 108 (11th Cir. 1997). "However, district courts have discretion to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate." *Counts*, 111 F.3d at 108.

The plaintiffs assert that they should not be required to exhaust administrative remedies under the plan due to the fact that the defendants "were silent as to those procedures for two years." (Doct. 5, p. 6). In his affidavit, Freeman Kirby states that "since he had [sic] learned coverage was denied, he has received no

communications or correspondence from United HealthCare personnel or the company regarding the procedures that I must follow to have my claim for benefits reviewed by the company." (Doct. 5, Freeman Kirby Affidavit, p. 2).

Accepting these allegations as asserted, they do not constitute an excuse for not exhausting available remedies. The allegations do not demonstrate that the plaintiffs have been denied meaningful access to administrative review or that resort to administrative remedies would be futile or inadequate.

The plaintiffs further assert that, due to the defendants' conduct in this case, they should be estopped from asserting the exhaustion defense. (Doct. 5, pp. 6-7). In support of this assertion, they cite *Curry v. Contract Fabricators Incorporated Profit Sharing Plan*, 891 F.2d 842 (11th Cir. 1990) and *Swint v. Protective Life Insurance Co.*, 779 F. Supp. 532, 560 (S.D. Ala. 1991). In *Curry,* the Eleventh Circuit Court of Appeals affirmed the trial court's decision not to require the plaintiff to exhaust his administrative remedies under the applicable plan. The decision not to require exhaustion was premised on the following facts:

> In November 1985, [the plaintiff] Curry's lawyer spoke with Haber [the plan administrator] by phone regarding the denial of benefits. Haber stated that, because Curry had gone to work for a competitor, he would

8

receive no benefits until he reached age sixty-five. Curry's attorney requested that Haber send him plan documents supporting the denial of benefits. Haber agreed to send the documents and also referred Curry's attorney to the plan's accountant. When Curry's attorney contacted the accountant, however, the accountant refused to answer any questions because he had received no prior authorization from Haber. Curry's attorney also duplicated his request for documents in an undated letter, which the district court found was sent a few days after the attorney's phone conversation with Haber. When Haber failed to provide either the requested benefits or plan documents, Curry filed suit in August 1986. Shortly thereafter, Haber provided the documents as well as a claims form. Curry filled out the form and, after receiving it, Haber paid Curry his benefits.

*Curry*, 891 F.2d at 844.

In *Swint*, the court held that an insurer was estopped from denying coverage under an ERISA or COBRA plan where it had knowledge of the facts vitiating the policy and the duty and opportunity to investigate, but failed to do so before making payments. Exhaustion of administrative remedies was not an issue.

Neither *Curry* or *Swint* control the exhaustion issue presented herein. They are factually inapposite. The actions of the plan administrator and the insurer in *Curry* are distinguishable from the facts presented herein. There is no evidence that United used its position to deny the plaintiffs meaningful access to the available administrative remedies, as was the case in *Curry*. Further, *Swint* did not involve an exhaustion issue. Unlike the defendants in

*Swint*, the defendants herein did not have the responsibility to initiate the review process. The plan provides both informal and formal procedures for resolving disputes. *See United HealthCare of Alabama, Inc., HMO Group Policy and Certificate of Coverage*, Section 5 (December 1994). (Doct 2). Neither plaintiff asserts that they requested a copy of the plan and were denied a copy. They simply assert that under the circumstances, the defendants should be estopped from raising this defense. The court disagrees. The plaintiffs should be required to pursue the available administrative remedies under the plan. They have not demonstrated that requiring compliance with the administrative procedures in the plan would be futile or that the remedies available under the plan would be inadequate.

Requiring exhaustion has two advantages at this juncture. First, it affords the parties the opportunity to resolve their dispute without further judicial action. Second, it allows for the development of a record for further review, if it is necessary.

### III. CONCLUSION

Premised on the foregoing, the plaintiffs' motion to remand is due to be denied. The defendants' motion to dismiss, or, in the alternative, for summary judgment, is due to be treated as a motion

for summary judgment. It is further due to be granted and the complaint dismissed without prejudice for failure to exhaust administrative remedies under ERISA to afford the plaintiffs the opportunity to pursue their remedies under the plan and if they so choose, to file another claim under ERISA in this court after they have met the requirements for doing so. An order consistent with the foregoing findings and conclusions will be entered.

DONE this the 4th day of March, 1999.

JOHN E. OTT
UNITED STATES MAGISTRATE JUDGE